**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-50155-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Terry L. Langford, | |
| Defendant. | |

On May 20, 2026, the Court issued an order denying Defendant's motion for early termination of supervised release. (Doc. 10.) Defendant has now filed a motion for reconsideration and a motion for appointment of counsel. (Docs. 11, 12.)

Both motions lack merit. Reconsideration is unwarranted because Defendant largely seeks to reargue the points raised in his initial motion and because, as discussed at length in the May 20, 2026 order, the dual needs to afford adequate deterrence to criminal conduct and to protect the public from further crimes outweigh any other factors that might, in isolation, support early termination. As for the request for appointment of counsel, it is unclear, as an initial matter, whether 18 U.S.C. § 3006(a)(2)(B) even applies in this circumstance, as Defendant is not "seeking relief under section 2241, 2254, or 2255 of title 28." Yet even assuming without deciding that the appointment of counsel is a possibility under this provision, such appointment is only appropriate when "the court determines that the interests of justice so require." That standard is not satisfied here. *Cf. United States v. Lane*, 2024 WL 357041, *1 (D. Idaho 2024) ("Mr. Lane has not offered any legitimate

reason for granting early termination of supervised release. He states only that he has complied with the requirements of supervision and wishes to travel outside of Idaho. To the extent that Mr. Lane has succeeded under supervision, the Court applauds him. But after considering each of the § 3553(a) factors, the Court is not persuaded that early termination is warranted. As a general matter, supervised release does not become unnecessary simply because a person has complied with the requirements of supervision. Nor does the Court see any basis for appointing counsel to re-argue Mr. Lane's position.").

Accordingly,

**IT IS ORDERED** that:

1.    Defendant's motion for appointment of counsel (Doc. 11) is **denied**.

2.    Defendant's motion for reconsideration (Doc. 12) is **denied**.

Dated this 28th day of May, 2026.

_____
Dominic W. Lanza
United States District Judge